UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: 2408 W. KENNEDY LLC,

Debtor, Case No. 8:21-bk-2578-CED
_______________________________________/

2408 W. KENNEDY LLC, d/b/a
THE KENNEDY, and ST Phoenix, LLC,

Appellants,

v. Case No. 8:25-cv-2633-KKM-SPF

2408 KENNEDY BLVD.
PROPERTY, LLC,

Appellee.
_______________________________________/

**REPORT AND RECOMMENDATION**

Appellee 2408 Kennedy Blvd. Property, LLC's Supplemental Motion on Amount of Attorney's Fees Incurred on Appeal (Doc. 32), directed to Appellant 2408 W. Kennedy, LLC, is before the Court. Appellee requests $31,750.00 in attorneys' fees incurred in defending Appellant's since-dismissed appeal of a bankruptcy court order. As directed by the Court, Appellee supplemented its motion with the declaration of Attorney Laura Labbee regarding the number of hours billed by each timekeeper and their hourly rates (Doc. 35). Appellant has not responded to the motion, and the time to do so has passed (*see* Doc. 33). The Court deems the motion unopposed. *See* L.R. 3.01(d), M.D. Fla. (2025). For the reasons stated here, the Court recommends that the motion be granted.

## I. BACKGROUND[1]

In May 2021, Appellant, tenants under a long-term commercial lease with Appellee, filed a Chapter 11 petition with the Bankruptcy Court (*In re: 2408 W. Kennedy, LLC*, Case No. 8:21-bk-2578-CED (M.D. Bankr. Fla. May 18, 2021), Doc. 1) ("Bankruptcy Case"). On July 30, 2025, Appellee—owner of the commercial property and Appellant's creditor—obtained an order from the Bankruptcy Court regarding future monthly rent payments and a schedule for true-up payments owed to Appellee (Bankruptcy Case at Doc. 864). Appellants appealed this Bankruptcy Order to the District Court (Doc. 1). The District Judge dismissed their appeal on October 29, 2025, because Appellants failed to comply with Court orders and failed to diligently prosecute the appeal (Doc. 14). The Clerk entered judgment (Doc. 15). On December 5, 2025, the District Judge denied Appellants' motion to reinstate the appeal and to file documents out of time (Docs. 17, 22).

Appellants appealed the District Judge's December 5, 2025 Order to the United States Court of Appeals for the Eleventh Circuit (*see* Doc. 25). The Eleventh Circuit has since dismissed that appeal for lack of prosecution (*see* Doc. 27).

The District Judge has adopted the undersigned's report and recommendation and granted Appellee's entitlement motion, finding that under the fee shifting provision of the commercial lease between the parties, Appellee is entitled to the attorney's fees it incurred in

[1] The Bankruptcy Court and the District Court refer to Appellants collectively as "Debtor" and "Tenant." Appellee is also known as "Landlord."

responding to Appellants' District Court appeal (Doc. 23). At this juncture, Appellee moves for $31,750.00 in attorneys' fees (Docs. 32, 35).[2]

## II. DISCUSSION

The Court uses the "lodestar" method to determine a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours. *Hensley*, 461 U.S. at 434. Finally, the party seeking an award of expenses bears the burden of submitting a request that enables the court to determine what expenses the party incurred and why it is entitled to an award. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

### A. Reasonableness of Hourly Rates

Appellee argues that the following hourly rates for the legal professionals it retained at Bush Ross, P.A., a Tampa law firm, are reasonable:

(1) $525 for work performed in 2025 and $600 for work performed in 2026 by Kathleen DiSanto, a shareholder with 18 years of experience who is Board-

[2] Under this Court's local rules, determining post-judgment attorneys' fees and costs is a bifurcated procedure: a party seeking fees "must obtain an order determining entitlement before providing a supplemental motion on amount." M.D. Fla. R. 7.01(b) (2025).

certified in business bankruptcy law;

(2) $575 for work performed in 2025 by Bryan Hull, a shareholder with 20 years of experience who is Board-certified in appellate law;

(3) $450 for work performed in 2025 and $475 for work performed in 2026 by Laura Labbee, a shareholder with 12 years of experience;

(4) $225 for work performed in 2025 by Karen Kearney, a paralegal; and

(5) $185 for work performed in 2025 and $200 for work performed in 2026 by Dee Arthur, a paralegal.

Appellee supports these rates with billing invoices (Docs. 32-1 through 32-7) and the Declaration of Laura Labbee (Doc. 35). Additionally, it is well established that a court may use its discretion and expertise to determine the appropriate hourly rate for an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Appellant has not presented evidence controverting the reasonableness of these hourly rates, nor has it proposed different rates. *See Tacoronte v. Cohen*, No. 6:13-cv-418-Orl-18GJK, 2014 WL 5473567, at *1, 4 (M.D. Fla. Oct. 28, 2014) (approving the hourly rates requested as unopposed), *vacated and remanded on other grounds*, 654 F. App'x 445 (11th Cir. 2016). By virtue of Appellant's failure to respond to the motion, it has no opposition to the requested hourly rates.

Considering the attorneys' experience levels, the complexity of the case, the Court's knowledge of market rates in the Tampa Bay area, Appellant's lack of opposition, and fee awards in other district court and bankruptcy court cases (*see* Doc. 35 at 2-3 for a sampling of bankruptcy court fee awards), the requested hourly rates are reasonable. *See, e.g., Eyth v. Spectrum Charter Comm., Inc.*, No. 8:23-cv-1878-CEH-TGW, 2025 WL 697464 (M.D. Fla.

Feb. 13, 2025) (awarding hourly rate of $635 for partner with 20 years of complex litigation experience, $440 per hour for associate with over six years of experience, and $290 per hour for paralegal), *report and recommendation adopted*, 2025 WL 693318 (M.D. Fla. Mar. 4, 2025); *First Nat'l Bank of Oneida, N.A. v. Brandt*, No. 8:16-cv-51-AAS, 2021 WL 2856626, at *2–3 (M.D. Fla. July 8, 2021) (finding rate of $750 per hour to be a reasonable hourly rate for an attorney with over thirty-five years of experience, $650 per hour to be a reasonable hourly rate for an attorney with over twenty-two years of experience, $456 per hour to be a reasonable hourly rate for an attorney with over five years of experience, and $375 per hour to be a reasonable hourly rate for an attorney with five years of experience); *Norman*, 836 F.2d at 1303 (the court is an expert on fees). The Court recommends accepting the hourly rates of Attorneys DiSanto, Hull, and Labbee and Paralegals Kearney and Arthur.

**A. Reasonableness of Hours Expended**

The next step is to determine if the number of hours billed by Appellee's legal professionals is reasonable. Defendant seeks compensation for 70.5 hours of attorney and paralegal time: 4.8 hours for Attorney DiSanto, 0.2 hours for Attorney Hull, 62.5 hours for Attorney Labbee, 2.0 hours for Paralegal Kearney, and 1.0 hour for Paralegal Arthur (Doc. 35 at 2).[3]

Attorneys must exercise billing judgment, which "means they must exclude from their

[3] This amount includes $10,370.00 in time billed by Attorneys DiSanto and Labbee and Paralegal Arthur in seeking attorneys' fees (Doc. 32-7). The fee-shifting provision of the commercial lease is broad enough to permit Appellee to collect fees on fees (Doc. 23-1 at 10). *Martin v. Univ. of Ala.*, 911 F.2d 604, 610 (11th Cir. 1990); *see also Apple Glen Investors, L.P. v. Express Scripts, Inc.*, No. 14-cv-1527-T-33-TGW, 2018 WL 2945629, at *13 (M.D. Fla. May 25, 2018) (contractual language allowed recovery of "any and all reasonable costs and expenses incurred . . . in connection with any litigation or other action" was broad enough to support recovery of fees on fees), *report and recommendation adopted*, 2018 WL 2937469 (M.D. Fla. June 11, 2018).

fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quotations, citations, and emphasis omitted). If a district court finds the number of hours claimed to be unreasonably high, it may either "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

The Court has reviewed Attorney Labbee's declaration and the timekeepers' invoices attached to Appellee's motion. The hours all relate to responding to Appellant's appeal and are reasonable, particularly in the absence of objection. *See Norman*, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *see also Hepsen v. J.C. Christensen & Assoc., Inc.*, 394 F. App'x 597, 599-600 (11th Cir. 2010).

## III. CONCLUSION

It is **RECOMMENDED:**

1. Appellee 2408 Kennedy Blvd. Property, LLC's Supplemental Motion on Amount of Attorney's Fees Incurred on Appeal (Doc. 32) be **GRANTED**; and
2. Appellee be awarded $31,750.00 in attorneys' fees.

**IT IS SO REPORTED** in Tampa, Florida, on August 7, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.